UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK F. DURBIN,<br>Plaintiff(s),<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>Defendant(s). | CASE NO. C25-2035-KKE<br><br>DISMISSAL ORDER |

This matter comes before the Court upon its own motion. Plaintiff Mark F. Durbin, representing himself, filed this lawsuit against United States District Judge John H. Chun, and three judges of the United States Court of Appeals for the Ninth Circuit: Judges William C. Canby, Sidney R. Thomas, and Morgan B. Christen (together, "Judicial Defendants"). Dkt. No. 1. Durbin also names the United States of America as a Defendant, but makes no particular factual allegations against it. *Id.*

"A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)" and "[s]uch a dismissal may be made without notice where the claimant cannot possibly win relief." *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Durbin styles his lawsuit as a *Bivens* action and seeks "declaratory and injunctive relief for ongoing violations of his Fifth Amendment rights." Dkt. No. 1 at 1. Durbin alleges that he previously filed a civil rights complaint, which Judge Chun dismissed due to "improper service." *Id.* at 2. Durbin appealed, and the Ninth Circuit

panel—comprised of Judge Canby, Judge Thomas, and Judge Christen—affirmed Judge Chun's dismissal. *Id.* Durbin filed a petition for rehearing *en banc*, which was denied. *Id.* Through this lawsuit, Durbin seeks injunctive and declaratory relief. *Id.* at 3. Namely, he asks the Court to "requir[e] the reopening of [his] original case" before Judge Chun and "[d]eclaratory relief stating that [his] service was legally sufficient and that the dismissals were unconstitutional." *Id.*

It is well-settled that judges are absolutely immune from lawsuits based upon judicial acts taken within the jurisdiction of their courts. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). A federal judge's immunity is not limited to immunity from money damages, but extends to actions for declaratory, injunctive and other equitable relief, such as that sought by Durbin. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds); *see also Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to *Bivens* actions), *cert. denied*, 486 U.S. 1040 (1988). This is because if a federal judge violates a litigant's constitutional rights in proceedings pending before them, Congress has already established remedies—i.e., procedures for taking appeals and petitioning for extraordinary writs—in Title 28 of the U.S. Code. *See Mullis*, 828 F.2d at 1394. By permitting a litigant to "styl[e] his or her complaint [against a judge] as a *Bivens* injunctive action, a federal court litigant could circumvent [] limitations on direct appeal[.]" *Id.* at 1393. Were the Court to grant Durbin the relief he seeks, it would "permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court," and "[s]uch collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper." *Id.* at 1392–93 (collecting cases and additionally explaining such relief would amount to an improper writ of mandamus by one court to another). Durbin does not allege that any of the Judicial Defendants acted outside the jurisdiction of their respective courts. *See* Dkt. No. 1. Thus, Durbin cannot possibly win relief on

his claims, and the Court will *sua sponte* dismiss his complaint. *See Sibley v. Geraci*, 858 F. App'x 415, 417 (2d Cir. 2021) (affirming *sua sponte* dismissal of claims where "the only actions complained of were those taken by a federal judge within the scope of his judicial responsibilities … and any legal claim arising out of such actions is barred by absolute judicial immunity").

In sum, the Court dismisses the case without prejudice. The Clerk is directed to administratively close this case.

Dated this 31st day of July, 2026.

Kymberly K. Evanson
United States District Judge